ABRAHAM SLUTZK and SARAH SLUTZK, Appellants, *v.* P. MARCUS ROTH, Respondent.

(Supreme Court, Appellate Term, April, 1911.)

Evidence — Best and secondary evidence — Distinction between best and secondary evidence — Contents of instrument.

In an action to recover money deposited as security for plaintiff's faithful performance of the covenants of a verbal lease which, as shown by his bill of particulars, had been reduced to writing but was not offered in evidence, oral testimony of the agreement between the parties is properly excluded.

Supreme Court, Appellate Term, April, 1911. [Vol. 71.

APPEAL by the plaintiffs from a judgment of the City Court of the city of New York dismissing the complaint for failure to make out a cause of action.

Abraham H. Sarasohn, for appellants.

Emerich Kohn, for respondent.

SEABURY, J. The plaintiffs sue to recover money alleged to have been paid the defendant as security for the faithful performance of the covenants of a lease which the complaint alleges was entered into by the parties to this action. The complaint does not allege whether the lease was written or oral. The plaintiffs' bill of particulars, however, alleges as follows:

" The alleged agreement or lease referred to in the complaint was verbal. The terms of the said alleged agreement or lease referred to in the plaintiffs' complaint were originally verbal, but were thereafter, and to wit: on January 31st, 1910, reduced to writing, by an instrument which the defendant represented to the plaintiff was executed by him, but, as the plaintiff subsequently discovered, was signed by Miriam Kohn."

Upon the trial the plaintiff did not offer the lease in evidence, or offer parol evidence to show that the defendant was the real party in interest, or that the defendant was the owner of the property and had represented that he had signed the lease. Instead of so doing the plaintiff attempted to show the oral agreement which he had with the defendant and which, as the statement in his bill of particulars shows, was thereafter reduced to writing. Objection being made to this evidence upon the ground that the oral arrangement was embodied in the writing, the court excluded the evidence which the plaintiff offered. The plaintiff noted an exception to the ruling of the court and suffered a nonsuit. From the judgment entered upon the non-suit the plaintiff appeals to this court.

We think that the rulings of the court below were correct. The complaint shows that the plaintiff relied upon the

lease.   It is claimed that the defendant was the owner of the premises demised; and, although the lease seems to have been signed by a third person, the claim is made that the defendant represented to the plaintiff that he had signed it and collected rent under it.   If these circumstances can be proved, the defendant would be estopped from denying that the lease was his act.

The plaintiff, having formally stated in his bill of particulars that his agreement with the defendant was reduced to writing, cannot be permitted to ignore the writing and prove an agreement resting in parol.

We think that it was competent for the plaintiff to attempt to show by parol the circumstances under which the lease was delivered, for the purpose of establishing that the lease was in fact the act of the defendant.   Having established that the written lease was the act of the defendant, it would then be competent for the plaintiff to show that he was ousted, during the term demised, by paramount title.   It was not, however, competent for the plaintiff to ignore the written lease under which the security had been given and attempt to prove an oral agreement between the parties, in view of his own statement made in his bill of particulars that the verbal agreement had been reduced to writing.   The written lease was designed to be the sole repository and evidence of the final conclusions of the parties, and the plaintiff, having declared upon it, could not disregard it upon the trial.

The plaintiff failed to prove the cause of action alleged, and it follows that his complaint was properly dismissed.

Bijur and Page, JJ., concur.

Judgment affirmed.